# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY BROWN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>DRIVESMART AUTO CARE INC.,<br><br>       Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Jeffrey Brown ("Plaintiff") brings this action on behalf of himself and all others similarly situated against DriveSmart Auto Care Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## **NATURE OF THE ACTION**

  1.  This is a putative class action lawsuit against Defendant for legal and equitable remedies resulting from its illegal actions in using a pre-recorded voice to make automated calls to Plaintiff's cellular telephone and the cellular telephones of numerous other individuals across the country, in clear violation of the TCPA. Plaintiff brings this Complaint to stop Defendant's practice of making unsolicited robocalls to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct.

  2.  On or about June 15, 2020, Defendant placed a pre-recorded robocall to Plaintiff's cellular telephone.

  3.  Plaintiff answered the telephone call and recalls hearing a prerecorded voice offering a car warranty.

  4.  The following chart details Defendant's call to Plaintiff Brown:

| Date | Time | Number Calling | Call Duration |
|---|---|---|---|
| June 15, 2020 | 12:54 p.m. | (218) 606-3769 | 0 mins 21 sec |

5. Plaintiff never provided consent to be called by Defendants using a pre-recorded voice.

6. The unlawful call placed to Plaintiff is part of Defendant's pattern or practice of using a pre-recorded voice to call consumers on their landlines and/or cellular telephones, despite the fact that such individuals have established no direct relationship with Defendant and are therefore are not the proper subjects of the calls.

7. Defendant conducted, and continues to conduct, a uniform, nationwide marketing campaign that features the repeated making of unsolicited phone calls to consumers' cellular telephones without their prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendant's campaign of unlawful conduct also includes the use of an artificial and pre-recorded voice.

8. By making these automated calls, Defendant directly caused Plaintiff and members of the proposed Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

9. Moreover, a number of the calls, including Defendant's June 15 call to Plaintiff, were made while Plaintiff and other members of the Class were at home, thus intruding upon the sanctity and privacy of their homes.

10. Upon information and belief, Defendant has made, and continues to make, similar calls to consumers without first obtaining their prior authorized consent. In so doing, Defendant repeatedly violated the TCPA, invading the personal privacy of Plaintiff and members of the putative Class.

11.     The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this Complaint. Accordingly, in response to Defendant's unlawful conduct, Plaintiff brings this action on behalf of himself and the putative Class and seeks an injunction requiring Defendant to: (1) cease its TCPA violations by adequately ensure that Defendant is only calling numbers that are in fact associated with persons from whom it has received prior express consent; and (2) pay Plaintiff and members of the Class statutory damages equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages for knowing and /or willful violations.

## PARTIES

12.     Plaintiff Jeffrey Brown is an individual and a "person" as defined by 47 U.S.C. § 153(39). Mr. Brown is, and at all times mentioned herein has been, a citizen of Texas, residing in Lubbock, Texas. On or about June 15, 2020, Defendant placed an unsolicited, pre-recorded robocall to Mr. Brown's cellular telephone while he was at home. Mr. Brown answered the telephone call and recalls hearing a prerecorded voice offering a car warranty. Mr. Brown had never established a direct relationship with Defendant prior to Defendant's June 15 robocall, and at no point did he consent to being called by Defendant using a pre-recorded voice. As a direct result of the June 15 robocall, Mr. Brown suffered actual harm and cognizable legal injury, including but not limited to the invasion of the sanctity and privacy of Mr. Brown's home and the diminution in the value and utility of Mr. Brown's cellular telephone plan.

13.     Defendant DriveSmart Auto Care Inc., is a New Jersey corporation with its principal place of business at 155 East 44th St., 10 Grand Central 6th Floor, New York, NY 10017. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14.     Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was

done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

15. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs; there are over 100 members of the putative class; and Plaintiff, as well as most members of the proposed class, is a citizen of a state different from Defendant. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this Complaint alleges violations of a federal statute, the TCPA.

17. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in New York.

18. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant's principal place of business is located in this District and Defendant transacts significant business within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.  The Telephone Consumer Protection Act Of 1991**

19. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

20. The TCPA prohibits , *inter alia*, making any telephone call to a cellular telephone using a "prerecorded or artificial voice" or an "automatic telephone dialing system" ("ATDS" or "autodialer") absent an emergency purpose or the "express consent" of the party called.  47

4

U.S.C. §§ 227(b)(1)(A), 227(b)(1)(A)(iii). The TCPA further prohibits the "initiat[ion of] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message" without an emergency purpose or the prior express consent of the called party. *Id.* at § 227(b)(1)(B).

21. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

22. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls[.]").

### B. Defendant's Calls to Plaintiff and Class Members

23. Defendant called Mr. Brown on his cellular phone at least once using an artificial or prerecorded voice. Mr. Brown did not give Defendant prior written consent to make these calls. Mr. Brown was never a customer of DriveSmart and did not request a car loan or quote from Defendant.

24. Defendant's call to Mr. Brown was made from telephone number (218) 606-3769.

25. When Mr. Brown answered the call from Defendant, there was a pause and then a prerecorded voice offering Plaintiff a car warranty.

26. When dialed, calls to (218) 606-3769 direct callers to https://drivesmartwarranty.com.

//
//
//
//

27. Defendant's unlawful conduct did not end with Plaintiff. Indeed, several other consumers have left similar complaints regarding Defendant's robocalls on the Better Business Bureau website: [1]





## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

---

[1] DRIVESMART AUTO CARE, BETTER BUSINESS BUREAU, https://www.bbb.org/us/nj/toms-river/profile/extended-warranty-contract-service-companies/drivesmart-auto-care-0221-90175862/complaints (last visited July 21, 2020).

29. Specifically excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

30. Plaintiff reserves the right to amend the definitions of this Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

31. ***Numerosity.*** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the Class comprises at least hundreds of thousands of consumers throughout the United States. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

32. ***Commonality and Predominance.*** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Those common questions of law and fact include, but are not limited to, the following: (i) whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent; (ii) whether Defendant's conduct was knowing and/or willful; (iii) whether Defendant is liable for damages, and the amount of such damages; and (iv) whether Defendant should be enjoined from engaging in such conduct in the future.

33. ***Typicality.*** The claims of Plaintiff Brown are typical of the claims of the Class in that Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct. Specifically, as persons who received numerous and repeated calls on their telephones through the use of an artificial or prerecorded voice, without their prior express written consent, Plaintiff and all Class members have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

34. *Adequacy*. Plaintiff will fairly and adequately protect Class members' interests. Plaintiff has no interests antagonistic to Class members' interests, and Plaintiff has retained counsel that have considerable experience and success in prosecuting complex class-actions and consumer-protection cases.

35. *Superiority*. Class wide relief is essential to compel Defendant to comply with the TCPA. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Class because the statutory damages in an individual action for violation of the TCPA are relatively small; management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones; the proposed class can be identified easily through records maintained by Defendant; prosecution as a class action will provide substantial benefit to the parties because it avoids repetitious litigation of a multiplicity of identical suits and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner. Thus, the disposition of these claims in a class action.

36. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I
**Knowing And/Or Willful Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

37. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

38. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

40. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and members of the proposed Class are entitled to, and therefore seek, treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, an award of attorneys' fees and costs.

## COUNT II
### Violations Of The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

43. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

44. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the provisions of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

46. As a result of Defendant's TCPA violations, Plaintiff and members of the Class are entitled to, and therefore seek, an award of $500.00 in statutory damages for each and every call Defendant made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

48. Plaintiff and members of the proposed Class are also entitled to, and therefore seek, an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b. For an order declaring the Defendant's conduct violates the provisions of the TCPA referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

e. For statutory damages of $500.00 for each and every call that violated the TCPA;

f. As a result of Defendant's willful and/or knowing violations of the TCPA, for treble damages treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

g. For prejudgment interest on all amounts awarded;

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

i. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 23, 2020                                Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     */s/ Philip L. Fraietta*
            Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A**
Brittany S. Scott *(Pro Hac Vice Forthcoming)*
1990 N. California Blvd., Suite 940
New Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: bscott@bursor.com

*Attorneys for Plaintiff*